# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 4:12-CR-228** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **THOMAS EDWARD SMITH** | : | |

## ORDER

AND NOW, this 1st day of August, 2013, upon consideration of the defendant's motion (Doc. 77) *in limine* to exclude evidence of the Ruger gun case,[1] and the court concluding that the limited probative value of the Ruger gun case is substantially outweighed by the danger of unfair prejudice and confusion of the

---

[1] The original indictment charged the defendant with taking a motor vehicle by force in violation of 18 U.S.C. § 2119 and using or carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). (Doc. 4). The indictment described the firearm used as a ".44 caliber, Ruger Super Red Hawk revolver." (Id. at 3). The government presumably referenced the .44 revolver because a case for Ruger Super Red Hawk revolver, owned by the defendant's brother-in-law, was found in a barn located on the property where the defendant resided prior to the offense. (Doc. 78 at 2). The superseding indictment and second superseding indictment do not reference the .44 revolver but instead reference a ".22 caliber, Colt Frontier Scout revolver" also owned by the defendant's brother-in-law. (Docs. 42, 51). The defendant's brother-in-law reported each firearm stolen at different times after the offense. (Doc. 83 at 2-5). The government contends that evidence of the Ruger gun case is relevant because if the defendant stole and possessed the Ruger gun case, it is more likely that he also stole and possessed the .22 revolver. (Doc. 83 at 7). The government asserts that the Ruger gun case is intrinsic evidence establishing that the defendant knew that the .22 revolver belonged to someone else or was stolen. (Doc. 83 at 6-8). The government further claims that the Ruger gun case provides useful background information concerning the defendant's possession of the .22 revolver. (Id. at 8-10).

issues,[2] it is hereby ORDERED that the defendant's motion (Doc. 77) in *limine* to exclude evidence of the Ruger gun case is GRANTED.

                                             S/ Christopher C. Conner
                                             CHRISTOPHER C. CONNER
                                             United States District Judge

---

[2] The government's proffered testimony of the Ruger gun case has limited relevance. There is no evidence that the defendant's brother-in-law stored the guns in the same location or that the firearms were stolen from the brother-in-law at the same time. Furthermore, its use is likely prohibited under Federal Rule of Evidence 404(b), which prohibits evidence of other crimes, wrongs, or acts to prove action in conformity therewith. It is not intrinsic evidence because the defendant's possession of the Ruger gun case does not directly prove any element of the charged offense and possession of the gun case did not facilitate the commission of the charged offense. See United States v. Green, 617 F.3d 233, 248-49 (3d Cir. 2010). Even if the evidence is admissible under Rule 404(b), it is inadmissible under Federal Rule of Evidence 403. Testimony that the defendant had unlimited access to a gun case, unrelated to the offense, which was also owned by his brother-in-law will unfairly prejudice the defendant. It could confuse the jury and lead to the conviction of the defendant simply because he constructively possessed a gun case for another firearm owned by his brother-in-law. A limiting instruction would be insufficient to cure this prejudice.