# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. 4:12-CR-228 |
| v. | : (Chief Judge Conner) |
| THOMAS EDWARD SMITH (1), | : |
| Defendant | : |

## MEMORANDUM

In August 2013, a jury found defendant Thomas Edward Smith ("Smith") guilty of taking a motor vehicle by force and violence, or "carjacking," in violation of 18 U.S.C. § 2119; brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A); and possession of a stolen firearm in violation of 18 U.S.C. § 922(j). Smith moves pursuant to 28 U.S.C. § 2255 for *vacatur* of his Section 924(c) conviction and the accompanying consecutive 84-month sentence, relying on the United States Supreme Court's decision in Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015). We conclude that Johnson has no application to Smith's Section 924(c) conviction and sentence. Accordingly, we will deny Smith's motion.

## I. Factual Background & Procedural History

This matter was initiated by way of criminal complaint against Smith filed on September 4, 2012. A grand jury thereafter returned a two-count indictment charging Smith with carjacking in violation of 18 U.S.C. § 2119 (Count 1) and using, carrying, and brandishing a firearm—specifically, a .44 caliber Ruger Super Red Hawk revolver—in furtherance of the carjacking offense in violation of 18 U.S.C.

§ 924(c)(1)(A) (Count 2). The grand jury returned a superseding indictment on May 9, 2013, retaining the original counts but correcting the firearm in Count 2 to a .22 caliber Colt Frontier Scout revolver, identifying it by serial number, and noting that the firearm was loaded with six .22 caliber rounds. On June 13, 2013, the grand jury returned a second superseding indictment, adding a charge against Smith for possession of a stolen firearm in violation of 18 U.S.C. § 922(j) (Count 3). The case proceeded to a jury trial on August 5, 2013. After three days of evidence, the jury found Smith guilty on all counts.

The court sentenced Smith to an aggregate term of 171 months' imprisonment, consisting of a term of 87 months on each of Counts 1 and 3, to be served concurrently, followed by a statutorily mandated, consecutive term of 84 months on Count 2. (Doc. 116); see 18 U.S.C. § 924(c)(1)(A)(ii). Smith appealed to the United States Court of Appeals for the Third Circuit, and the Third Circuit affirmed Smith's conviction and sentence on July 22, 2014, see United States v. Smith, 767 F.3d 187 (3d Cir. 2014).

Smith filed the instant motion (Doc. 127) to vacate and correct his sentence on May 18, 2016, through appointed counsel. After the motion was fully briefed, we stayed its disposition at the request of Smith's counsel, pending several Third Circuit and Supreme Court decisions which had the potential to directly impact Smith's arguments. On May 8, 2018, we lifted the stay and ordered supplemental briefing. Smith's motion is now ripe for disposition.

## II. <u>Standard of Review</u>

Under Section 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct the prisoner's sentence. 28 U.S.C. § 2255. Courts may afford relief under Section 2255 on a number of grounds including, *inter alia*, "that the sentence was imposed in violation of the Constitution or the laws of the United States." <u>Id.</u> § 2255(a); <u>see</u> <u>also</u> 28 U.S.C. § 2255 Rule 1(a). The statute provides that, as a remedy for an unlawfully imposed sentence, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The court accepts the truth of the defendant's allegations when reviewing a Section 2255 motion unless those allegations are "clearly frivolous based on the existing record." <u>United States v. Booth</u>, 432 F.3d 542, 545 (3d Cir. 2005). A court is required to hold an evidentiary hearing when the motion "allege[s] any facts warranting § 2255 relief that are not clearly resolved by the record." <u>United States v. Tolliver</u>, 800 F.3d 138, 141 (3d Cir. 2015) (quoting <u>Booth</u>, 432 F.3d at 546).

## III. <u>Discussion</u>

Smith filed the instant motion seeking to vacate his Section 924(c) conviction and consecutive mandatory minimum sentence based on the Supreme

Court's 2015 Johnson decision.[1]  Section 924(c) establishes enhanced punishments for any individual who uses, carries, brandishes, or discharges a firearm "during and in relation to any crime of violence."  18 U.S.C. § 924(c)(1)(A).  The length of the mandatory minimum term depends on whether the defendant uses, carries, or possesses the firearm (5 years), brandishes the firearm (7 years), or discharges the firearm (10 years).  See id. § 924(c)(1)(A)(i)-(iii).  Under the statute, a felony offense is a "crime of violence" if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," id. § 924(c)(3)(A), or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," id. § 924(c)(3)(B).  Courts refer to these clauses respectively as the "elements clause" and the "residual clause."  United States v. Galati, 844 F.3d 152, 154 (3d Cir. 2016), cert. denied, 138 S. Ct. 636 (2018); United States v. Robinson, 844 F.3d 137, 140-41 (3d Cir. 2016), cert. denied, 138 S. Ct. 215 (2017).

The Supreme Court in Johnson addressed a vagueness challenge to the constitutionality of a residual clause under a different part of Section 924, the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  The ACCA compels a

---

[1] We assume without deciding for purposes of this analysis that Smith's motion is not barred on nonjurisdictional grounds of untimeliness or procedural default.  See United States v. Doe, 810 F.3d 132, 153-54 (3d Cir. 2015); United States v. Bendolph, 409 F.3d 155, 164 (3d Cir. 2005); cf. Day v. McDonough, 547 U.S. 198, 209 (2006) (holding that district courts have discretion in context of petitions under 28 U.S.C. § 2254 "to decide whether the administration of justice is better served by dismissing the case on statute of limitations grounds or by reaching the merits of the petition").

mandatory minimum sentence of 15 years' imprisonment for persons convicted under 18 U.S.C. § 922(g) who have acquired three prior, adult convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" to include three categories of offenses: (1) crimes having "as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) crimes of burglary, arson, or extortion, or which involve use of explosives; and (3) crimes which "otherwise involve[] conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B)(i)-(ii). In Johnson, the Supreme Court invalidated the third clause, the "residual clause," as unconstitutionally vague. Johnson, 135 S. Ct. at 2557. The Court made its decision retroactively applicable to cases on collateral review one year later, in Welch v. United States, 578 U.S. ___, 136 S. Ct. 1257, 1265 (2016).

Vagueness challenges have been raised to similar residual clauses in the wake of Johnson. In Beckles v. United States, 580 U.S. ___, 137 S. Ct. 886 (2017), the Supreme Court rejected a challenge to the residual clause of the United States Sentencing Guidelines' career offender definition, concluding that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause. Beckles, 135 S. Ct. at 890-92. In Sessions v. Dimaya, 584 U.S. ___, 138 S. Ct. 1204 (2018), the Court applied Johnson to find the residual clause of the federal criminal code's definition of crime of violence, see 18 U.S.C. § 16(b), to be unconstitutionally vague. Dimaya, 138 S. Ct. at 1210, 1213-16, 1223. In January of this year, the Court granted *certiorari* in United States v. Davis, 139 S. Ct. 782 (2019), a case poised to resolve the same constitutional question raised by Smith, *viz.*, whether the

5

residual clause of Section 924(c)—identical in all material respects to the residual clause of Section 16(b) struck down in Dimaya—is likewise unconstitutionally vague. See QP Report, United States v. Davis, 139 S. Ct. 782 (2019) (No. 18-431), https://www.supremecourt.gov/docket/docketfiles/html/qp/18-00431qp.pdf.

We need not address this difficult question, because Smith's conviction for carjacking while brandishing a firearm qualifies as a crime of violence under Section 924(c)(3)'s elements clause. Smith acknowledges in a supplemental brief that our elements-clause inquiry is now controlled by the Third Circuit's decision in United States v. Robinson, 844 F.3d 137 (3d Cir. 2016). The defendant in Robinson challenged his Section 924(c) conviction for brandishing a firearm in furtherance of a crime of violence, which was premised on a contemporaneous conviction for Hobbs Act robbery in violation of 18 U.S.C. § 1951(b)(1). Robinson, 844 F.3d at 140. Both the government and the defendant urged the court to apply the categorical approach in deciding whether Hobbs Act robbery qualified as an elements-clause crime of violence. See id. at 141. The Third Circuit, however, charted a different course, concluding that the categorical approach is inapplicable when the predicate offense and the Section 924(c) offense are "contemporaneous and tried to the same jury." Id. The panel reasoned that, in such cases, "all necessary facts are before the district court," rendering the "remedial effect of the 'categorical' approach" unnecessary. Id.

The Robinson court thus held that the proper inquiry is not whether Hobbs Act robbery, in isolation, is a qualifying crime of violence, but whether "Hobbs Act robbery *committed while brandishing a firearm*" is a crime of violence. Id. at 144.

6

The answer, the court said, "must be yes." Id. The court identified the elements of Hobbs Act robbery, specifically the requirement that the defendant take property "by means of actual or threatened force, or violence, or fear of injury, immediate or future." Id. at 143-44 (quoting 18 U.S.C. § 1951(b)(1)). The court then underscored the definition of "brandish," to wit: "when all or part of the firearm is displayed or made known to another person in order to intimidate that person." Id. at 144 (quoting 18 U.S.C. § 924(c)(4)). Analyzing the convictions under these statutes in tandem, the court observed that the jury necessarily found that the defendant, in committing Hobbs Act robbery, "used or threatened force, violence, or injury to person or property," and "used a firearm in order to intimidate a person." Id. The court concluded that this combination of convictions demonstrates that the defendant's commission of Hobbs Act robbery was a crime of violence under the elements clause. Id. at 141, 144.

Robinson mandates the same outcome here. Carjacking, like Hobbs Act robbery, has among its elements that a person take a motor vehicle "by force and violence, or by intimidation." 18 U.S.C. § 2119. Moreover, carjacking includes the added element that the defendant act *with the intent to cause death or serious bodily harm.* Id. (emphasis added). Like Robinson, the jury's verdict against Smith on the Section 924(c)(1)(A)(ii) brandishing charge "shed[s] light on the means by which the predicate offense was committed." Robinson, 844 F.3d at 143. In finding Smith guilty of these contemporaneous offenses, the jury necessarily concluded that Smith committed carjacking (1) by force or violence, or by intimidation, and (2) displayed a firearm to intimidate a person. Under Robinson, Smith's conviction for carjacking

7

while brandishing a firearm is categorically a crime of violence under the elements clause of Section 924(c)(3).[2]

## IV.    Conclusion

We conclude that Smith is not entitled to Section 2255 relief based on the Supreme Court's decision in Johnson.  We will deny Smith's motion to vacate and correct sentence pursuant to 28 U.S.C. § 2255.  We will likewise deny a certificate of appealability, as Smith has not "made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  An appropriate order shall issue.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:    May 7, 2019

---

[2] Applying Robinson, several district courts within the Third Circuit have concluded that carjacking in violation of 18 U.S.C. § 2119, when committed while using or brandishing a firearm, is a crime of violence under the elements clause of Section 924(c)(3).  See, e.g., Caraballo v. United States, No. 16-3721, 2019 WL 1275052, at *3-4 (D.N.J. Mar. 20, 2019); Lee v. United States, No. 16-4709, 2018 WL 4489676, at *2-3 (D.N.J. Sept. 19, 2018); Darby v. United States, No. 18-10654, 2018 WL 3412846, at *3 (D.N.J. July 12, 2018).  In a nonprecedential opinion, the Third Circuit indicated its agreement with a defense concession that Robinson applies with equal force to a carjacking conviction under 18 U.S.C. § 2119.  United States v. Foster, 734 F. App'x 129, 132 n.5 (3d Cir. 2018), cert. denied, 139 S. Ct. 789 (2019).  Smith's counsel concedes in a supplemental brief that we are bound by Robinson; counsel indicates that the brief was filed to preserve Smith's claim for later review in the event that the Third Circuit or the Supreme Court revisit the decision.  (See Doc. 142 at 5-6).